UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ghaffi Sonhaye,

        Petitioner,

v.                                                                                     Civ. No. 07-1923 (JNE/JJG)
                                                                                         ORDER

Michael Chertoff, Secretary of the
United States Department of Homeland
Security; Mark Cangemi, Director of
Detention and Removal, Minnesota District,
United States Immigration and Customs
Enforcement; Pat Carr, Jail Commander of
Sherburne County Jail,

        Respondents.

    This case is before the Court on petitioner's pro se petition for judicial review and a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (2000), motion for an emergency stay of deportation, application to proceed in forma pauperis, and respondents' motion to dismiss.

    Petitioner is a native and citizen of Togo. Petitioner attempted to enter the United States on August 14, 2002. She was determined to be inadmissible to the United States and ordered removed pursuant to § 235(b)(1) of the Immigration and Nationality Act (INA). Petitioner later returned to the United States "uninspected." She was taken into respondents' custody on February 21, 2007. On February 27, 2007, petitioner's 2002 removal order was reinstated pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).[1] A warrant of removal was issued the same day.

---

[1]    8 U.S.C. § 1231(a)(5) provides:

    If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not

"[J]udicial review in the appropriate court of appeals is the 'sole and exclusive' means to review a §1231(a)(5) order reinstating a prior removal order." *Ochoa-Carrillo v. Gonzales*, 446 F.3d 781, 782 (8th Cir. 2006).  Because petitioner's order of removal was reinstated under 8 U.S.C. § 1231(a)(5), judicial review is appropriately sought in the Eighth Circuit Court of Appeals.  Therefore, this Court lacks jurisdiction over the matter.[2]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Respondents' motion to dismiss [Docket No. 6] is GRANTED.

2. Petitioner's petition for writ of habeas corpus [Docket No. 1] is DISMISSED.

3. Petitioner's motion for an emergency stay [Docket No. 3] is DENIED AS MOOT.

4. Petitioner's motion to proceed in forma pauperis [Docket No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 18, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

[2]   The Court notes that transfer of this matter to the Eighth Circuit Court of Appeals would be futile.  Petitioner's prior order of removal was reinstated on February 27, 2007.  Petitions of review must be filed in the court of appeals not later than 30 days after the date of the final order of removal.  8 U.S.C. § 1252(b)(1).  Petitioner did not file her petition until April 12, 2007.

2